Armando **FONSECA** and Teresa **Anderson, Appellants,**

v.

Gordon H. **BARTH, D.O., The Kraege Drug Store, and Thomas Kraege, R. PH., Appellees.**

No. 13–97–275–CV.

Court of Appeals of Texas, Corpus Christi.

April 30, 1998.

Karl A. Basile, San Antonio, for appellants.

John D. Ellis, Jr., Houston, Fred E. Davis, Davis & Davis, Austin, Errol John Dietze, Dietze & Reese, Cuero, for appellees.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

This is an appeal from a dismissal for want of prosecution. During oral argument, counsel for appellees informed the Court they had discovered two Texas Supreme Court cases,[1] not cited by any party, that clearly established the merits of Fonseca's third point of

---

1. *Thordson v. City of Houston,* 815 S.W.2d 550 (Tex.1991), and *Gulf Coast Inv. Corp. v. Nasa 1*

*Business Center,* 754 S.W.2d 152 (Tex.1988).

error, and that the case should be reversed and remanded.

Rule 3.03 of the State Bar Rules of Professional Conduct provides a lawyer shall not knowingly

fail to disclose to the tribunal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.

TEX. DISCIPLINARY R. PROF. CONDUCT 3.03(a)(4) (1997), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. (Vernon Supp.1998) (State Bar Rules art. X, § 9). We take this opportunity to laud counsel for appellees for their candor with this Court. In this era of "Rambo" litigation, the Court finds counsels' conduct in pointing out adverse, but controlling authority, commendable.

The judgment of the trial court is REVERSED and REMANDED.